UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID PERALTA                              CIVIL ACTION

VERSUS                                     NO: 15-1385

LOUISIANA ATTORNEY GENERAL                 SECTION: R(5)
JAMES D. "BUDDY" CALDWELL,
ET AL.

## ORDER AND REASONS

Defendants James D. "Buddy" Caldwell, David Caldwell, Matthew Derbes, David Weilbaecher, Molly Lancaster, and the Office of the Louisiana Attorney General move the Court to dismiss plaintiff's civil rights and state-law complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6).[1] For the following reasons, the Court grants the motions.

## I.    BACKGROUND

### A.    Parties

Plaintiff David Peralta currently serves as President of St. Bernard Parish. Peralta sues Louisiana Attorney General James D. "Buddy" Caldwell and Assistant Attorneys General David Caldwell, Matthew Derbes, David

_____

[1]      R. Doc. 18; R. Doc. 19.

Weilbaecher, and Molly Lancaster, in both their individual and official capacities, for their alleged failure to prosecute former St. Bernard Parish President Craig Taffaro and for their alleged conduct in prosecuting Peralta instead.  Peralta also sues the Office of the Louisiana Attorney General.[2]

### B.    Factual Background

When Peralta took office as St. Bernard Parish President in January 2012, he began investigating former Parish President Craig Taffaro. Acccording to Peralta, he uncovered that Taffaro had "extensive[ly] misuse[d] parish resources[.]"[3]  Peralta reported Taffaro's misconduct to the Louisiana Attorney General's Office and expected the Attorney General to prosecute Taffaro.  Instead, "[t]he Attorney General turned on Peralta for political reasons" and brought criminal charges against Peralta "to cover up for Taffaro."[4]  According to Peralta, during the state grand jury proceedings, the Attorney General's Office knowingly relied on perjured testimony to obtain an indictment against Peralta and deliberately discredited Peralta as a witness against Taffaro.[5]  Peralta alleges that defendants engaged in "fraud upon the

---

[2]        *See* R. Doc. 1 at 2, 5-7.

[3]        *Id.* at 2.

[4]        *Id.* at 3.

[5]        *Id.* at 3-4.

2

court" by "knowingly allow[ing] the presentation of false evidence and perjured testimony," "us[ing] perjured testimony fabricated by Peralta's ex-wife," and "allow[ing] perjured testimony to go uncorrected."[6]

Peralta filed this action on April 28, 2015, asserting haphazardly numerous constitutional and state-law violations. To summarize, Peralta sues under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 for defendants' purported violations of the Hobbs Act, 18 U.S.C. § 1951, *et seq.*, and Peralta's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Peralta alleges that defendants violated the Louisiana Constitution as well. Finally, Peralta alleges that defendants engaged in malicious prosecution and conspiracy to commit malicious prosecution, as well as fraud upon the court and conspiracy to commit fraud upon the court. According to Peralta, this conduct also gives rise to violations of the Louisiana Canons of Judicial Ethics and the Louisiana Rules of Professional Conduct.

---

[6] *Id.* at 1, 3-4, 8-9.

3

## C.    Defendants' Motions to Dismiss

Defendants move the Court to dismiss Peralta's civil rights and state-law complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6).[7]

In response to defendants' 12(b)(1) motion, Peralta consents to the Court's dismissing all claims against the Office of the Louisiana Attorney General and all official-capacity claims for monetary relief against all other defendants.[8] Accordingly, the Court dismisses without prejudice all claims against the Office of the Louisiana Attorney General and all claims for monetary relief against Buddy Caldwell, David Caldwell, Matthew Derbes, David Weilbaecher, and Molly Lancaster, in their official capacities. Regarding his official-capacity claims for injunctive relief, Peralta argues that the *Ex parte Young* exception to Eleventh Amendment immunity applies.[9]

In response to defendants' 12(b)(6) motion, Peralta consents to the Court's dismissing his claims that purportedly arise under 42 U.S.C. §§ 1985 and 1986, the Fifth Amendment, and the Eighth Amendment, against all

---

[7]     R. Doc. 18; R. Doc. 19.

[8]     R. Doc. 30 at 1.

[9]     *Id.* at 2.

4

defendants.[10] Peralta also concedes that neither the Hobbs Act, the Louisiana Canons of Judicial Ethics, nor the Louisiana Rules of Professional Conduct provide a private right of action.[11]   Accordingly, the Court dismisses these claims with prejudice without further discussion.

Peralta's remaining claims are as follows:

• section 1983 official-capacity claims, grounded in the Fourth and Fourteenth Amendments, for prospective injunctive relief against Buddy Caldwell, David Caldwell, Matthew Derbes, David Weilbaecher, and Molly Lancaster, along with a derivative section 1988 claim for attorneys' fees;

• section 1983 individual-capacity claims, grounded in the Fourth and Fourteenth Amendments, for monetary damages and injunctive relief against Buddy Caldwell, David Caldwell, Matthew Derbes, David Weilbaecher, and Molly Lancaster, along with a derivative section 1988 claim for attorneys' fees;

• Louisiana state-law claims for alleged violations of the Louisiana Constitution against Buddy Caldwell, David Caldwell, Matthew Derbes, David Weilbaecher, and Molly Lancaster;

---

[10]   R. Doc. 31 at 1.

[11]   *Id.* at 4.

- •       Louisiana state-law claims for malicious prosecution and conspiracy to commit malicious prosecution against Buddy Caldwell, David Caldwell, Matthew Derbes, David Weilbaecher, and Molly Lancaster; and

- •       Louisiana state-law claims for fraud upon the court and conspiracy to commit fraud upon the court Buddy Caldwell, David Caldwell, Matthew Derbes, David Weilbaecher, and Molly Lancaster.

Defendants move to dismiss Peralta's section 1983 official-capacity claim for prospective injunctive relief for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[12]  Defendants move to dismiss the remaining claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[13]

## II.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power

---

[12]     *See* R. Doc. 18.

[13]     *See* R. Doc. 19.

6

to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.  *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the court possesses jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). A court's dismissal for lack of subject matter jurisdiction is not a decision on the merits and does not prevent the plaintiff from pursuing the claim in another forum.  *See id.*

## B.  Stating a Claim upon Which Relief Can Be Granted

To survive a 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III.  DISCUSSION

### A.  *Younger* Abstention Precludes the Court from Enjoining Ongoing State Court Criminal Proceedings

Initially, the Court notes that defendants originally moved to dismiss Peralta's official-capacity claims against all defendants because the Eleventh Amendment immunizes the Attorney General and Assistant Attorneys General from suit.[14]  In response, Peralta conceded that the Eleventh Amendment barred his official-capacity claims *for monetary relief*, but argued that the *Ex parte Young* doctrine excepted from Eleventh Amendment immunity his claims for prospective injunctive relief against all defendants.[15]  *See Quern v. Jordan*, 440 U.S. 332, 337 (1979) ("[U]nder the landmark decision in *Ex parte Young*, a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law . . . .").  Defendants neglected to reply to Peralta's opposing arguments.

Beyond the parties' immunity arguments, Peralta's claims for injunctive relief against the defendants in their official capacities, as well as their individual capacities, are still problematic.  Peralta asks the Court to enjoin any ongoing criminal prosecution casting him as a defendant in state court and

---

[14]     R. Doc. 18-1 at 4.

[15]     R. Doc 30-2.

to set aside the grand jury indictment because, according to Peralta, it is based on false evidence. In *Younger v. Harris*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings absent "extraordinary circumstances." 401 U.S. 37, 53 (1971). Courts should abstain under *Younger* when (1) there is an "ongoing state judicial proceeding," (2) the proceeding "implicate[s] important state interests, and (3) the complaining party has "an adequate opportunity in the state proceeding[] to raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1490 (5th Cir. 1995). An ongoing state criminal proceeding, such as the one Peralta asks this Court to enjoin, is the quintessential example of a state judicial proceeding subject to *Younger* abstention. *See* 401 U.S. at 41 (reversing the district court's injunction of a state criminal prosecution).

The only potential exception to *Younger* abstention relevant here is for bad-faith state prosecutions. According to the Supreme Court, a "bad-faith state prosecution" occurs when state officials prosecute someone "without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975). Importantly, the Supreme Court suggests that the bad-faith prosecution exception does not apply unless the complaining party

10

can show that the state judicial proceedings as a whole are unfair.  *See Juidice v. Vail*, 430 U.S. 327, 338 (1977) (refusing to apply the bad faith prosecution exception because the plaintiff did not allege that state court judges were enforcing judicial procedures in bad faith).

Peralta has not shown that the bad-faith state prosecution exception to *Younger* abstention applies here.  Peralta alleges in conclusory fashion that defendants "knowingly allowed the presentation of false evidence and perjured testimony," "used [] perjured testimony fabricated by Peralta's ex-wife," or "allowed perjured testimony to go uncorrected" and thus engaged in "fraud upon the court."[16]  That defendants may have "defrauded" the court indicates that the state court is not complicit in the alleged misconduct.  Indeed, Peralta has not alleged that the state court itself is biased or unfair.  *See id.*  Thus, Peralta may raise his concerns about prosecutorial misconduct to the court in which the alleged misconduct has occurred.  *See Middlesex Cty*, 457 U.S. at 435-36 (emphasizing the importance of having "an adequate opportunity" to raise one's claims in the state tribunal).  The Court will not enjoin the ongoing proceedings.  Therefore, the Court dismisses Peralta's claims for injunctive relief against all defendants, in both their official and individual capacities, without prejudice.  *See Spooner v. Gauxtreaux*, 459 F. App'x 436, 2012 WL

---

[16]      R. Doc. 1 at 1, 3-4, 8-9.

278011, at *1 (5th Cir. 2012) (dismissing without prejudice under *Younger* abstention).

## B. Peralta Fails to Allege Plausibly Claims for Violations of Federal Law

### 1. *Absolute Prosecutorial Immunity Protects Defendants from Section 1983 Monetary Liability*

Defendants argue that Peralta's section 1983 claim for monetary damages against Louisiana Attorney General Buddy Caldwell and Assistant Attorneys General David Caldwell, Matthew Derbes, David Weilbaecher, and Molly Lancaster, in their individual capacities, must be dismissed on the ground of prosecutorial immunity.[17]   In opposition, Peralta argues that absolute prosecutorial immunity does not apply because defendants engaged in "significant improprieties."[18]

Prosecutors are absolutely immune from section 1983 liability for damages when the conduct complained of is "intimately associated with the judicial phase of the criminal process."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  In other words, absolute immunity applies when a prosecutor acts as an "officer of the court," but may not apply when he is "engaged in other . . . investigative

---

[17]    R. Doc. 19-1 at 22.

[18]    R. Doc. 31 at 8.

or administrative tasks." *Id.* at 342 (quoting *Imbler*, 424 U.S. at 431 n.33).

Judicial tasks traditionally protected by prosecutorial immunity include

deciding to file or not file criminal charges, *Quinn v. Roach*, 326 F. App'x 280,

292 (5th Cir. 2009) and presenting witness testimony to a grand jury. *See*

*Cook v. Hous. Post*, 616 F.2d 791, 793 (5th Cir. 1980).  Absolute prosecutorial

immunity also protects prosecutors accused of intentional misconduct,

including "knowingly us[ing] perjured testimony, deliberately withh[olding]

exculpatory information, or fail[ing] to make full disclosure of all facts."

*Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (quoting *Prince v.*

*Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978); *see also Imbler v. Pachtman*,

424 U.S. 409, 427 (1976) ("To be sure, this immunity does leave the genuinely

wronged defendant without civil redress against a prosecutor whose malicious

or dishonest action deprives him of liberty."); *Harris v. Dallas Cty. Dist.*

*Attorney's Office*, 196 F.3d 1256, 1999 WL 8000003, at \*1 (5th Cir. 1999)

(explaining that prosecutorial immunity protects prosecutors from liability for

intentional misconduct).

Here, Peralta alleges that defendants are liable under section 1983 for

deliberately refusing to prosecute former St. Bernard Parish President Craig

Taffaro despite knowing about his misconduct in office; prosecuting Peralta

13

"for political reasons and . . . to cover-up for Taffaro";[19] and knowingly presenting the allegedly perjured testimony of Peralta's ex-wife to the state grand jury to obtain an indictment against Peralta.  All of defendants' conduct is intimately associated with the judicial phase of the criminal process because it directly relates to the Louisiana Attorney General's criminal prosecution of Peralta.   Even if Peralta's allegations of knowing misconduct were true, absolute prosecutorial immunity protects defendants from section 1983 liability.  *See Imbler*, 424 U.S. at 427; *Henzel*, 608 F.2d at 657.  Accordingly, the Court dismisses Peralta's claims against defendants for monetary relief under section 1983 as a matter of law.

### C.    The Court Declines to Exercise Supplemental Jurisdiction Over Peralta's State-Law Claims

Peralta's remaining claims are Louisiana state-law claims.   In his complaint, Peralta  invoked the Court's supplemental jurisdiction under 28 U.S.C. § 1367 to hear these claims.  Under subsection 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a state-law claim if the court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Having dismissed all of Peralta's federal law claims, the Court declines to exercise supplemental jurisdiction over any and all remaining

---

[19]       R. Doc. 1 at 3.

state-law claims and dismisses these claims without prejudice. *See Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.")

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction.[20]   The Court DISMISSES WITHOUT PREJUDICE Peralta's section 1983 claims, as well as the derivative section 1988 claims, against the Office of the Louisiana Attorney General, against all defendants in their official capacities for both monetary and injunctive relief, and against all defendants in their individual capacities for injunctive relief.

In addition, the Court GRANTS defendants' motion to dismiss for failure to state a claim[21]  and DISMISSES WITH PREJUDICE Peralta's claims under 42 U.S.C. § 1985 and 1986, the Fifth Amendment, the Eighth Amendment, the Hobbs Act, the Louisiana Canons of Judicial Ethics, and the Louisiana Rules of Professional for failure to state a claim as a matter of law.  The Court also

---

[20]   R. Doc. 18.

[21]   R. Doc. 19 at 1.

DISMISSES WITH PREJUDICE Peralta's section 1983 claim against all defendants in their individual capacity for monetary relief and the derivative section 1988 claim for failure to state a claim as a matter of law.

Finally, the Court DISMISSES WITHOUT PREJUDICE Peralta's Louisiana constitutional claims and his Louisiana state-law claims for malicious prosecution and conspiracy to commit malicious prosecution and fraud upon the court and conspiracy to commit fraud upon the court.

New Orleans, Louisiana, this ____23rd____ day of November, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE